

### OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable F. E. Mitchell
County Attorney
Callahan County
Baird, Texas

Dear Sir:

Opinion No. O-6796
Re: Whether under facts stated the
calling of a consolidation elec-
tion by the County Judge is
mandatory.

Your request for opinion has been received and care-
fully considered by this department. We quote from your re-
quest as follows:

"Under authority of Art. 2922a, the County
School Board of Callahan County annexed Hart Com-
mon School District to Putnam Independent School
District. This action was attacked in the Dis-
trict Court and judgment was rendered declaring
such action of the County School Trustees void;
the case is now on appeal to the Court of Civil
Appeals, the appeal being duly perfected.

"Since the trial of said cause and since the
perfecting of the appeal, said Hart Common School
District has presented to the County Judge a peti-
tion signed by the requisite number of citizens
and patrons of the school, praying for an election
to consolidate said Hart District with another con-
tiguous High School District.

"In view of the fact that the validity of the
action of the County Board of Trustees has not been
finally determined, is it mandatory upon the county
judge to order the election for consolidation as
prayed for in such petition? An answer to this
question would be appreciated."

Honorable P. A. Mitchell, Page 2


We have also received from one of the attorneys in the district court case a letter stating the case was appealed on a cost bond and enclosing a copy of the judgment in the district court case. We, however, attach no particular significance to the character of appeal bond given in the case.

Articles 2922a and 2922aa, Vernon's Annotated Texas Civil Statutes, read as follows:

"Art. 2922a. Authority to establish

"In each organized county in this State and in any county which shall hereafter be organized, the county school trustees shall have the authority to form one or more rural high school districts, by grouping contiguous common school districts having less than four hundred scholastic population and independent school districts having less than two hundred and fifty scholastic population for the purpose of establishing and operating rural high schools, provided also that the county school trustees may annex one or more common school districts or one or more independent school districts having less than two hundred and fifty scholastic population to a common school district having four hundred or more scholastic population or to an independent district having two hundred and fifty or more scholastic population upon the approval of the board of trustees of each school district affected; provided that when one or more common school districts are so annexed to a common school district having four hundred or more scholastic population, or to an independent district having two hundred and fifty, or more scholastic population, as the case may be, a board of trustees shall be elected from the district at large and shall have the management and control of the district as enlarged until the time for the next election and qualifications of trustees for common and independent districts, as provided by General Law. Provided that the county school trustees shall have the authority to abolish a rural high school district on a petition signed by a majority of the voters of each elementary district composing the rural high school district and when such district has been abolished the elementary districts shall automatically revert back

Honorable F. S. Mitchell, Page 3

to their original status, with the exception that in the event there are any outstanding indebtednesses against the said rural school district each elementary district shall assume its proportional part of the debts.  Acts 1925, 39th Leg., p. 204, ch. 59; Acts 1927, 40th Leg., 1st C. S., p. 206, ch. 78, § 1."

"Art. 2922aa.  Consolidation of rural high school districts and common school districts authorized

"Provided any Rural High School District already formed under the provisions of this law may consolidate with any contiguous Common School District upon an election being held in the respective districts; said election to be held in conformity with Article 2806, Revised Civil Statutes of Texas, 1925.  Upon such consolidation said newly formed district shall take the form of said Rural High School District and be governed by the Board of Trustees of said Rural High School District, and shall become a part of said Rural High School District for all intents and purposes as though it were originally a part of said district.  Provided that in case of any outstanding bonded indebtedness in either of said districts an election shall be held in conformity with the General Law governing school districts to determine whether or not said Common School District or Rural High School District shall assume their prorata part of such indebtedness.  Provided, however, that said consolidation above referred to shall not become effective until after the election adjusting the bonded indebtedness and in case such election fails to be carried the consolidation shall be held for naught and such districts shall remain in their original status.  Added Acts 1937, 45th Leg., p. 845, ch. 416, § 1."

Article 2806, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"On the petition of twenty (20) or a majority of the legally qualified voters of each of several contiguous independent school districts,

Honorable F. E. Mitchell, Page 4

praying for the consolidation of such districts for school purposes, the county judge shall issue an order for an election to be held on the same day in each such district. . . . Common school districts may in like manner be consolidated with contiguous independent school districts..."

Your letter states that Hart Common School District has presented a petition for consolidation with another contiguous district but your letter is silent as to whether the other contiguous school district has likewise presented a petition in statutory form to consolidate with the Hart school district. Obviously, if only the Hart school district presented a petition the County Judge would not be authorized to call a consolidation election.

However, if the facts are that both of the contiguous districts have presented petitions in compliance with the statutes a problem would arise. Obviously, the pivotal point in such a matter (under the assumed facts above) would be the legal status of Hart Common School District. And as shown by your letter, the question of whether the annexation of Hart district to Putnam District was void or legal while passed on by the district court has not yet been finally decided inasmuch as the case was appealed and is now pending in the Court of Civil Appeals.

Since the legal status of Hart Common School District is now before the appellate court, this department cannot categorically decide the question propounded under the additional assumed facts.

However, we are inclined to the view that since the decisive and pivotal point in the matter is before the Court of Civil Appeals it would probably be the better course for the County Judge to refrain from calling the

Honorable F. E. Mitchell, Page 5

consolidation election unless mandamused to do so by a
court of competent jurisdiction.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED SEP 1945

ATTORNEY GENERAL OF TEXAS

By    Wm. J. Fanning
              Assistant

WJF:BT